UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HESTER,

        Petitioner,

                                                    Case No. 1:09-CV-770

v.

                                                    HON. ROBERT HOLMES BELL

NICK LUDWICK,

        Respondent.
                                /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On April 14, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Michael Hester's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 31.) Petitioner has filed objections to the R&R, and a motion for order directing the parole board to render its decision on Petitioner's parole. (Dkt. Nos. 32, 34.) Petitioner was paroled on August 25, 2010.

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's conclusion that the evidence was sufficient to support a guilty finding on three counts of the parole violation charges. With respect to the two charges that he left Wayne County without permission, Petitioner contends that the evidence was undisputed that he had prior permission from his parole agent to leave Wayne County, and there was no testimony or evidence to support the Magistrate Judge's conclusion that Petitioner's movement while in Ingham County was limited to the courthouse and his attorney's office.

Petitioner does not dispute the accuracy of the state court's factual finding that "PA Brooks testified that the Petitioner was on his caseload and that he gave Petitioner permission to go back and forth to Ingham County for court dates on the stalking charges, as well as attorney visits on that matter." (Dkt. No. 20, Ingham County Cir. Ct. Op. 3.) Upon *de novo* review, the Court agrees with the Magistrate Judge that the state court's conclusion that Petitioner's presence at the MSU Student Union, four miles from the courthouse, exceeded the permission he was granted to travel to Ingham County for court purposes, was supported by substantial evidence.

With respect to the charge that he engaged in assaultive, intimidating, or threatening behavior against Chelsea Cunningham, Petitioner contends that the Magistrate Judge's determination that the definition of "threatening" found in Policy Directive 03.03.105 is

2

"inapposite," is clearly erroneous. The Court disagrees. Policy Directive 03.03.105, by its terms, applies to disciplinary sanctions against prisoners for rule violations. It does not purport to define parole violations. The Magistrate Judge correctly determined that there was substantial evidence to support the state court's finding that Petitioner's conduct with respect to Chelsea Cunningham constituted a parole violation.

The Court is satisfied that the Ingham County Circuit Court's finding that the evidence was sufficient to support the parole revocation was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

Finally, Petitioner objects to the Magistrate Judge's conclusion that the Administrative Law Examiner ("ALE") was not biased. Petitioner contends that bias can be inferred from the fact that the ALE was employed as a hearing officer employed by the MDOC at the same time that the Sixth Circuit noted in *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000), the existence of overwhelming evidence suggesting that there was a strong expectation that the not-guilty/dismissal rate for inmate disciplinary hearings should not rise above 10%. *Id.* at 606. Petitioner also contends that the ALE subjectively believed that Petitioner was guilty of something because there were so many charges of parole violations lodged against him. Neither of Petitioner's arguments tend to suggest that the ALE who presided over his parole revocation hearing was not neutral and detached.

3

Petitioner was paroled on August 25, 2010. Accordingly, his motion for order directing the parole board to render its decision on Petitioner's parole is moot.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If an appeal is filed, the district judge who ruled on the habeas petition must either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b). The district court must decide whether to issue a certificate of appealabilility at the time of denial of habeas relief, and need not await an appeal or an application for a certificate. Rule 11(a) of the Rules Governing § 2254 Cases. Because Movant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 32) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the April 14, 2010, Report and Recommendation of the Magistrate Judge (Dkt. No. 31) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for order directing the parole

board to render its decision on Petitioner's parole (Dkt. No. 34) is **DENIED AS MOOT**.

    **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: October 18, 2010                           /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE